WILLIAM ZIEGLER, RESPONDENT, *v.* JOSEPH C. HOAGLAND, CORNELIUS N. HOAGLAND AND RAYMOND HOAGLAND, APPELLANTS, IMPLEADED WITH THE ROYAL BAKING POWDER COMPANY.

*Spoliation of a corporation by an excessive increase of salaries, made to induce a stockholder to sell his stock, enjoined — hypothetical question.*

In an action, brought to restrain the officers of the Royal Baking Powder Company, a corporation organized under the general manufacturing act and doing business in the city of New York, from paying certain sums voted to said officers as salaries, it appeared that for several years the company had been managed by the owners of its stock, in harmony and at small salaries, until the president of the company wished to purchase a part of the plaintiff's stock. To compel the sale a threat was made to raise the salaries. A subsequent raise followed. Again there was, because of a like refusal to sell, another similar threat, and this was followed by an extremely large increase; and this was followed by a threat that there would be another increase, accompanied by an averment that there was no limit to the raise, except the will of the trustees.

*Held,* that the allowance of such salaries was a spoliation of the company, and that the trustees would not be permitted to take such action.

That a hypothetical question, based upon the net profits of the corporation, and calling for an opinion of the witness thereon, was properly rejected.

That the judgment in favor of the plaintiff should be affirmed.

Appeal from a judgment, recovered at the Kings County Special Term upon the trial of the action before the court without a jury, which was entered in the office of the clerk of said county on the 2d day of July, 1888.

The action was brought to restrain the officers of the Royal Baking Powder Company, a corporation organized under the general manufacturing act and doing business in the city of New York, from paying certain sums voted to said officers as salaries. The complaint was made by a minority stockholder, the balance of stock being held by the appealing defendants.

*John M. Bowers*, for the appellants.

*W. J. Gaynor* and *William C. De Witt*, for the respondent.

Barnard, P. J. :

The Royal Baking Powder Company was organized in 1873. The plaintiff was one of the incorporators and the defendants Cornelius C. Hoagland and Joseph C. Hoagland. The company had great success. In 1881 the plaintiff owned 690 shares; Joseph C. Hoagland 492 shares; Cornelius N. Hoagland 410 shares; Raymond Hoagland 8 shares, making 1,600 shares, which was the full number of shares representing the capital, the par value of $100 each share. The corporation was managed by three trustees, who were always stockholders, and the plaintiff was one until the election in 1887. Up to this time the officers were a president, treasurer and secretary, each having a salary of $1,800 a year. In the fall of 1886 Joseph C. Hoagland requested the plaintiff to sell a part of his stock to him. The plaintiff refused to sell, and Hoagland threatened to raise the salaries if he did not sell the stock to him. The net earnings were enormous, being 450 per cent in 1887. In the beginning of 1887 the defendant, Joseph C. Hoagland, sold eight shares of his stock to his son Raymond, then a minor. At the meeting in 1887 the three Hoaglands all voted upon the stock, and plaintiff was not elected, but Joseph C. Hoagland, his son, and Cornelius Hoagland, a brother, were elected trustees. The three trustees then elected Joseph C. Hoagland, president; Cornelius N. Hoagland, vice-president; and Raymond Hoagland, trustee, and voted to the president $25,000 salary a year, $10,000 to the vice-president

and $2,500 to the treasurer. In the summer of 1887 Joseph C. Hoagland again requested the plaintiff to sell a part of his stock, and made the same threat in case of refusal, that the salaries would be again raised. The plaintiff again declined, and in the election of 1888 the same trustees were elected, and the president's salary was raised to $50,000, and the vice-president to $30,000 and the treasurer to $6,000. There was a tartar company, which was controlled by the baking · powder company, and was managed before the year 1887 by the officers of the baking powder company, without any salary. In 1887 the same trustees of the powder company, by its stock, voted themselves trustees and officers of the tartar company, and voted a salary of $7,500 to the president, $6,000 to the vice-president and $1,000 to the treasurer. This was again done in 1888. After the election, in 1888, the president threatened a further raise in the salary if the plaintiff did not sell his stock, and he then informed him that the trustees had taken legal advice, and were advised that they had the right to put the salaries of the said officers at any figure they saw fit.

The finding of the judge upon this narrative of facts that the salaries were not earned, and were voted for the fraudulent purpose of coercing the plaintiff into selling his stock, is fully supported by the evidence. The company had been managed by the owners of its stock in harmony and at a small salary until the president of the company wanted a part of the plaintiff's stock. To compel the sale a threat was made to raise the salaries. A subsequent raise followed. Again, there was for the same refusal to sell, another similar threat, and this was followed by an extremely large increase, and this was followed by a threat that there would be another increase, accompanied by an averment that there was no limit to the raise, except the will of the trustees. Such action was spoliation of the company for an unworthy purpose, and trustees are not permitted to do. (*Butts* v. *Wood*, 37 N. Y., 317 ; *Ogden* v. *Murray*, 39 id., 202.) Without examining specifically the several questions as to the value of the services of these officers — as they were all of a similar nature. It appears that such values, based upon the opinion of witnesses, and upon amounts paid by other corporations and private firms, were received. This is in accordance with the rules in all cases where values of services are

in question.  A hypothetical question, based upon the net profits and calling for an opinion of the witnesses thereon, was properly rejected. · The value of the services, as found by the judge, is sustained by the evidence.  There was a conflict with respect to it, but the weight of the testimony would carry the salaries to no greater amount than was found.

The judgment should be affirmed, with costs.