MORRIS JACOBSON et al., Appellants, *v.* BROOKLYN LUMBER COMPANY et al., Respondents.

1. APPEAL — UNANIMOUS AFFIRMANCE — COURT OF APPEALS WILL EXAMINE PLEADINGS TO ASCERTAIN WHAT FACTS ARE ADMITTED. An exception to the rule that the unanimous affirmance of a judgment by the Appellate Division precludes the Court of Appeals from looking into the record for facts not contained in the findings is not warranted by the fact that the plaintiffs, in an action decided before the re-enactment of section 1023 of the Code of Civil Procedure, did not have an opportunity to obtain at Special Term a ruling upon additional facts which they deemed established by the evidence. It is only the evidence and the proceedings on the trial, however, that the court will not examine to ascertain whether there are facts not found which rest on undisputed evidence or facts found which are unsupported by any evidence. The pleadings being part of the judgment roll and there being no constitutional prohibition of an examination thereof to ascertain what facts are admitted nor any statutory requirement that the findings shall include such facts, they may and should be read by the court, in connection with a decision upon the issues, to ascertain whether the facts admitted and found sustain the judgment.

2. STOCKHOLDERS' ACTION — WHEN DEMAND THAT CORPORATION BRING ACTION UNNECESSARY. Where in a stockholders' action the defendants against whom the wrong is charged are the executive officers of the corporation, who also constitute a majority of the acting board of directors, a prior demand upon the corporation to bring the action is unnecessary.

3. CORPORATIONS — ACTION OF BOARD OF DIRECTORS VOIDABLE WHERE MAJORITY OF BOARD ARE PERSONALLY INTERESTED — PROSPERITY OF CORPORATION NO DEFENSE. In an action brought by minority stockholders of a corporation to recover for the corporation from the president and vice-president and treasurer thereof amounts received by such officers by reason of increases in their salaries alleged to have been

improperly authorized by the board of directors, and to ·cancel alleged improper resolutions of said board purporting to authorize such officers to credit themselves with certain amounts for deferred salaries, admissions in the pleadings and findings of fact to the effect that the said officers had since the organization of the corporation been the owners of a majority of the stock; that at the time of and previous to the alleged improper actions by the board of directors they were members thereof and constituted a majority of the membership of said board, the plaintiffs having no representation therein; that the increases in the salaries of said officers were voted by themselves, but that such increases were legitimate and commensurate with the increase in business and resulting profits, they having devoted all of their time to the business, extended it and placed the corporation on a sound basis, and that through their efforts the stock held by the plaintiffs had increased in value, do not justify the conclusion of law that the complaint should be dismissed; since the relation of said officers to the corporation was fiduciary and they could not make an agreement with themselves acting on the one part individually and for their own benefit and on the other part in their fiduciary capacity; and if, through their acts, a loss has been wrongfully occasioned to the corporation, it is neither a defense nor a mitigating circumstance that despite their illegal acts the corporation is still solvent or that its stock has increased in value.

*Jacobson* v. *Brooklyn Lumber Co.*, 101 App. Div. 609, reversed.

(Argued February 8, 1906; decided February 27, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 3, 1905, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph M. Gazzam, Jr.*, for appellants.    The facts alleged in the complaint and admitted by the answer and the facts expressly found by the trial court are before the Court of Appeals, and this court has the power to review all questions of law arising upon the facts so admitted in the pleadings, taken in connection with the facts so found.    If, upon the facts admitted in the pleadings and the facts found, the plaintiffs were entitled to any relief, it was error to dismiss the

complaint. (*Hilton* v. *Ernst,* 161 N. Y. 227; *Rodgers* v. *Clement,* 162 N. Y. 422; *Fleischmann* v. *Stern,* 90 N. Y. 110; *Paige* v. *Willett,* 38 N. Y. 28; *White* v. *Smith,* 46 N. Y. 418; *Pennachio* v. *Greco,* 107 App. Div. 227; *Bridge* v. *Payson,* 5 Sandf. 210; *Ballou* v. *Parsons,* 11 Hun, 602; *Simms* v. *Wallace,* 46 Hun, 172; *Eaton* v. *Wells,* 82 N. Y. 576.) At the time the decision of the trial court was filed, the Code required the long form of decision, but did not provide for requests to find. Therefore, this court should consider all facts established by uncontroverted evidence, and no presumption should be indulged in that facts favorable to respondents were found which do not appear upon the face of the decision. (*Lazarus* v. *M. E. Ry. Co.,* 145 N. Y. 581; *Zorkowski* v. *Astor,* 13 Misc. Rep. 507; *M. M. & C. Co.* v. *Tietjen,* 34 Civ. Pro. Rep. 29; *Hilton* v. *Ernst,* 161 N. Y. 227; *R. L. Co.* v. *S. & P. P. Co.,* 135 N. Y. 209.) The plaintiffs upon the facts admitted in the pleadings and the facts found by the trial court are entitled as matter of law to judgment setting aside the "resolutions" awarding increases of salaries to the defendants Verity and Robertson, canceling their claims for salaries thereunder and directing the said individual defendants to account for and repay to the company all moneys received by them for these increases in salaries which the trial court expressly found that they "voted themselves." (*Butts* v. *Wood,* 37 N. Y. 317; *Munson* v. *S. R. R. Co.,* 103 N. Y. 59; *Rodgers* v. *Clement,* 162 N. Y. 422; *Armstrong* v. *Dubois,* 90 N. Y. 95; *Beers* v. *N. Y. L. Ins. Co.,* 66 Hun, 75; *Ashley* v. *Kinnan,* 2 N. Y. Supp. 574; *Filon* v. *M. B. Co.,* 15 N. Y. Supp. 57; *Keller* v. *Frost,* 22 Barb. 400; *People's Bank* v. *S. A. Church,* 109 N. Y. 512; *Columbia Bank* v. *Gospel Church,* 127 N. Y. 361.) A director of a corporation is incompetent to act upon the auditing of his own claim for compensation, and if such claim be allowed at a meeting at which his presence is necessary to constitute a quorum, any stockholder may sue on behalf of himself and the other stockholders to avoid the transaction and compel a re-payment of the money. (*Butts* v. *Wood,* 37

N. Y. 317; *Sage* v. *Culver*, 147 N. Y. 247; *A. H. G. M. Co.* v. *Andrews*, 120 N. Y. 58; *Copeland* v. *J. Mfg. Co.*, 47 Hun, 236; *E. N. Y. R. R. Co.* v. *Elmore*, 5 Hun, 214; *Coleman* v. *S. A. R. R. Co.*, 38 N. Y. 204; *Blatchford* v. *Ross*, 54 Barb. 48; *Palmer* v. *C. H. Cemetery*, 122 N. Y. 435; *Brinkerhoff* v. *Bostwick*, 88 N. Y. 59; *Barnes* v. *Brown*, 80 N. Y. 535; *Jones* v. *Morrison*, 31 Minn. 148.) The facts that the plaintiffs have failed to show loss or damage, that their property has increased in value, and that the value of their stock has increased so that it is worth more than par are immaterial. (*Kavanaugh* v. *C. T. Co.*, 181 N. Y. 121.) Plaintiffs are not barred by laches or acquiescence from questioning the acts of the defendants complained of in this action. (*Platt* v. *Platt*, 58 N. Y. 646; *Galway* v. *M. E. R. Co.*, 128 N. Y. 155; *Cox* v. *Stokes*, 156 N. Y. 511; *C. C. Co.* v. *Sherman*, 30 Barb. 577; *H. S. C. Co.* v. *C. C. Co.*, 16 Md. 456.)

*George C. Case* for respondents. All acts performed and resolutions passed by the three directors, constituting the board of directors since November 7, 1892, are valid and bind the plaintiffs. (*Wallace* v. *Walsh*, 125 N. Y. 26; *D. E. L. Co.* v. *P. Co.*, 160 N. Y. 502.) Plaintiffs' cause of action is barred by laches or acquiescence. (18 Am. & Eng. Ency. of Law [2d ed.], 97; *Platt* v. *Platt*, 56 N. Y. 646.) In actions by stockholders, which assail the acts of directors or trustees, courts will not interfere unless it be made to appear that they have illegally or unconsciously used their powers, or that their acts were fraudulent or collusive and destructive of the rights of the stockholders. (*Leslie* v. *Lorillard*, 110 N. Y. 532.)

CHASE, J. The plaintiffs are minority stockholders of the defendant corporation. This action is brought by them on behalf of themselves and all other stockholders similarly situated to recover for the corporation from the individual defendants the amounts received by them for salaries as offi-

cers of the corporation from the year 1892, and to cancel any and all alleged resolutions on the books of the corporation purporting to authorize said individual defendants to credit themselves with certain amounts for accumulated or deferred salaries, and also to redress other alleged wrongs to the corporation.

The issues were tried at Special Term and a decision was rendered stating separately certain findings of fact and conclusions of law upon which judgment was entered dismissing the complaint of the plaintiffs. An appeal was taken from said judgment to the Appellate Division where the judgment was unanimously affirmed, and from the judgment of affirmance an appeal is taken to this court.

The findings of fact contained in said decision are disconnected and not sufficiently complete to present fully the appellants' contention, and plaintiffs insist that notwithstanding the unanimous decision of the Appellate Division, this court should consider not only the facts as found in the decision, but also the facts which are admitted by the pleadings and the facts established on the trial by uncontroverted evidence. This action was decided after September 1st, 1903, when the last amendment to section 1022 of the Code of Civil Procedure (Chapter 85, Laws of 1903) took effect, but before the re-enactment of section 1023 of the Code of Civil Procedure (Chapter 491, Laws of 1904).

The plaintiffs claim to be at some disadvantage because they did not have an opportunity to present to the court at Special Term a statement of the facts which they deemed established by the evidence and the rulings on questions of law which they desired the court to make, and they urge that there are, therefore, special reasons in this case why the court should examine the evidence to see whether there are facts not found in the decision but which were established by uncontroverted evidence.

It is provided by section 9 of article 6 of the Constitution of the state of New York as follows : " After the last day of December, one thousand eight hundred and ninety-five, the

jurisdiction of the Court of Appeals, except where the judgment is of death, shall be limited to the review of questions of law. No unanimous decision of the Appellate Division of the Supreme Court that there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court shall be reviewed by the Court of Appeals. * * *" (Section 191, Code of Civil Procedure.)

This court in *Hilton* v. *Ernst* (161 N. Y. 226) say: "The facts as found are absolutely conclusive here. The appellants can neither add to them nor take from them by urging that, as a question of law, there are facts not found which rest on undisputed evidence, and facts found which are unsupported by any evidence." The court was then considering a case where a judgment had been entered upon a report of a referee, which stated separately his findings of fact and conclusions of law, and in which the judgment so entered had been unanimously affirmed in the Appellate Division.

In *Sweet* v. *Henry* (175 N. Y. 268) the court say: "This court is confined to the findings of fact and is not permitted to look into the record for additional facts." (See, also, *Rodgers* v. *Clement*, 162 N. Y. 422, and *National Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505.)

The reasons why the court will not look into the record for additional facts have been heretofore fully stated, and such reasons do not permit of any exception to the rule by reason of the fact that the plaintiffs have not had an opportunity to obtain at Special Term a ruling upon additional facts which they deemed established by the evidence. The evidence, therefore, cannot be examined for the purpose of ascertaining whether there are facts established by uncontroverted evidence not included in the findings contained in the decision.

The Constitution does not in terms or otherwise prohibit an examination of the *pleadings* to ascertain what facts are admitted thereby. It is provided by section 522 of the Code of Civil Procedure that "Each material allegation of the complaint, not controverted by the answer, and each material allegation of new matter in the answer, not controverted by the

reply, where a reply is required, must, *for the purposes of the action*, be taken as true."

The decision of the court or the report of a referee is required " Upon the trial of the whole *issues of fact*." (Code of Civil Procedure, section 1022.) It is commendable practice for the purpose of preserving a continuity of statement to include in the findings of fact a complete story of the transaction so far as the same is material and can be given from the facts admitted in the pleadings or determined upon the trial of the whole issues of fact, but the statutes do not require findings of fact except upon the issues tried.

It was held by this court in *Wiltsie* v. *Eaddie* (4 Abb. [N. S.] 393) that an exception does not lie to the report of a referee upon the ground that he has refused to find upon a question of fact other than one arising from the issues in the cause. Upon the facts alleged in the complaint which have not been controverted by the answer there is no issue. Findings are not necessary as to such facts in the determination of the issue. (*Bram* v. *Bram*, 34 Hun, 487.)

In *Eaton* v. *Wells* (82 N. Y. 576) this court, in considering an action brought for the foreclosure of a mortgage, say : " There was no need of proof of the amount of the debt aside from the averments of the pleadings. There was then no trial of an issue of fact. No findings of fact were needed for there were no facts to be found. The pleadings contained them."

When a complaint is dismissed before the introduction of testimony it is a determination that the complaint does not state facts sufficient to constitute a cause of action, and in such case findings are not required. Neither does a case where judgment is rendered on the pleadings. ( *Wood* v. *Lary*, 124 N. Y. 83.)

It would seem, therefore, that there is no statutory provision requiring that findings be made by a court or referee to include the facts admitted by the pleadings. The pleadings are a part of the judgment roll, and the admissions therein can always be read in connection with the decision of the

court or the report of the referee upon the issues, and they should be so read by this court to ascertain whether the facts so admitted and found sustain the judgment. This court has substantially so held in *Rodgers* v. *Clement (supra)*, and we find no expression of the court that must necessarily be considered to the contrary. It is the *evidence* and the *proceedings on the trial* that the court will not examine to ascertain whether there are facts not found which rest on undisputed evidence or facts found which are unsupported by any evidence.

It is admitted by the pleadings that the defendant corporation was organized October 29th, 1891; that the defendant Verity has at all times been its president and the defendant Robertson its vice-president; that since December 1st, 1894, said Robertson has also been its treasurer; that said defendants Verity and Robertson have ever since the organization of the company been the owners of a majority of its stock and members of its board of directors; that there were originally five stockholders, all of whom were made directors of the company for the first year; that the plaintiff Arthur C. Jacobson was elected the first secretary and treasurer thereof; that the capital stock of the corporation is $50,000, and $44,400 thereof has been issued; that the stock is now all owned by the two plaintiffs and the two individual defendants except five shares which are owned by a brother of the defendant Robertson; that on the 27th day of October, 1892, at a special meeting of the board of directors, a resolution was adopted removing the defendant Arthur C. Jacobson from his office as secretary and treasurer; that on the 7th day of November, 1892, a resolution was passed at a stockholders' meeting reducing the number of directors from five to three, and thereafter from year to year three persons were elected directors of the company; that since 1894 the brother of said defendant Robertson has been annually elected a director with said defendants Verity and Robertson; that during the first year after the organization of the corporation the board of directors paid to the president, vice-president and treas-

urer each a salary of $2,500; that for each of the years 1893 and 1894 the defendant Verity as president was paid $3,500, and the defendant Robertson as vice-president $2,500; that for the year 1895 the defendant Verity as president was paid $3,500, and the defendant Robertson as vice-president and treasurer $3,500; that for each of the years 1896 to 1898, inclusive, the defendant Verity as president was paid $5,000, and the defendant Robertson as vice-president and treasurer was paid $5,000; that in the fall of 1898 and during each year thereafter until the commencement of this action a resolution was entered in the minutes of the directors that the defendant Verity be paid a yearly salary of $8,000, and the defendant Robertson as vice-president and treasurer a yearly salary of $8,000, but such resolution further provided that each of said officers should draw on account of his salary but $5,000 each year and that the balance of the salary, namely, $3,000, should be allowed to "accumulate until such time as the company could, in the judgment of the directors, afford to have it withdrawn from the business;" that a statement of the assets and liabilities of the corporation was furnished by the treasurer on January 22, 1903, which shows a credit to the defendant Robertson of $35,992.49, and to the defendant Verity of $32,097.59; that said credits to the individual defendants amounted to more than fifty per cent of the total assets of the corporation at that time.

The court, among others, found the following as facts:

"VIII: — Defendants Verity and Robertson have been officers and directors of the company from its organization. They have devoted all their time to the business of the corporation, they have extended its business, placed it on a sound basis and through their efforts the stock, part of which is held by the plaintiff, has been rendered valuable, so that it is conceded to be worth considerably more than par. The company is now in a prosperous condition as a result of their management and there are undivided profits in the treasury.

"IX: — Defendants Verity and Robertson have voted themselves increase in salary. The increases in salary are legiti-

mate and commensurate with the increase in business and resulting profit.

" XIV : — Plaintiffs had the right to inspect the books and to be present and vote at stockholders' meetings. They have made no effort to assert their alleged rights either in the meetings of directors or stockholders.

" They stood aloof unfriendly — critical for ten years and resort to a court of equity.

" XV : — Plaintiffs' property has advanced in value so that it is worth double what it was at the outset. They have failed to show loss or damage."

As a conclusion of law it found that defendants are entitled to judgment dismissing the complaint on the merits.

A demand upon the defendant corporation to bring this action was unnecessary as the individual defendants against whom the wrong is charged are the executive officers of the corporation and they also constitute a majority of the acting board of directors thereof. (*Hanna* v. *Lyon*, 179 N. Y. 107; *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 124; *Sage* v. *Culver*, 147 N. Y. 241 ; Helliwell on Stock and Stockholders, section 405.) If the individual defendants have illegally and wrongfully occasioned a loss to the defendant corporation it is neither a defense nor a mitigating circumstance that despite such illegal and wrongful acts the corporation is still solvent, or that the stock has increased in value during the time when the alleged illegal and wrongful acts have been committed. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.)

Neither the good faith, honesty nor legality of the acts of officers of a corporation can be determined by ascertaining whether the market value of the capital stock of the corporation has increased or diminished during the time when said acts were performed. A corporation may lose money notwithstanding good, faithful, honest endeavor by its officers, and it may increase its assets notwithstanding selfish and illegal acts by them. The results of transactions are considered in determining the value of services performed for which a person or corporation is liable, but the value cannot be determined by

11

any rule of proportion, nor can the amount to be paid therefor be intentionally so gauged as to absorb substantially all the profits of a corporation that have accrued or that the corporation may at some future time be able to pay and have withdrawn from the business.

The trial court has not found that the defendant corporation ever promised to pay the defendants the salaries stated or that the defendants ever rendered services of a value equal to the amount of such salaries. The finding in substance is that the defendants helped themselves to the several amounts received by them and credited themselves with said amounts now appearing on the books of the corporation, the exact language of the finding being "Defendants Verity and Robertson have voted *themselves* increase in salary." The findings which it is claimed justify their acts in so taking and crediting to themselves increased salaries are in substance that the net assets of the corporation have not been depleted but increased, and that the salaries are legitimate and commensurate with the increased business and resulting profit.

The relation of an officer of a corporation to it is fiduciary, and he must at all times act in good faith and unselfishly towards the corporation. The relation is such that an officer of a corporation cannot make an agreement with himself acting on the one part individually and for his own benefit, and on the other part in his fiduciary capacity as an officer of the corporation.

It is said in 10 Am. & Eng. Cyc. of Law, 790: "A director cannot with propriety vote in the board of directors upon a matter affecting his own private interest any more than a judge can sit in his own case, and any resolution passed at a meeting of the directors at which a director having a personal interest in the matter voted will be voidable at the instance of the corporation, or the shareholders, without regard to its fairness, provided the vote of such director was necessary to the result."

The courts in this state have frequently asserted the voidability of acts and votes of corporate officers when they are

affected by private interests. (*Butts* v. *Wood*, 37 N. Y. 317; *Kelsey* v. *Sargent*, 40 Hun, 150; *Copeland* v. *Johnson Mfg. Co.*, 47 Hun, 235; *Barnes* v. *Brown*, 80 N. Y. 527; *Ziegler* v. *Hoagland*, 52 Hun, 385; *Beers* v. *N. Y. Life Ins. Co.*, 66 Hun, 75; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190; *Burden* v. *Burden*, 8 App. Div. 160; *Munson* v. *Syracuse, G. & C. R. R. Co.*, 103 N. Y. 58; *Sage* v. *Culver*, 147 N. Y. 241; *Marshall* v. *Industrial Federation of America*, 14 Anno: Cases, 100. See American & English Ency. of Law [2d ed.], vol. 21, 897–910; Cook on Stock and Stockholders [3d ed.], sec. 657: Taylor on Private Corporations [5th ed.], secs. 646, 647, 648.)

The findings of the court, taken with the admissions in the pleadings, do not justify the conclusion of law that the plaintiffs' complaint should be dismissed.

The facts upon which the question of laches can be considered are not sufficiently before us to require a statement of the opinion of this court in relation thereto, but it seems reasonably clear at least that laches cannot be urged against the plaintiffs as against their right to have considered and determined the question whether the defendants are entitled to the deferred or accumulated salaries credited to them on the books of the corporation.

The judgment of the Appellate Division and of the Special Term should be reversed and a new trial granted, with costs to abide the final award of costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment reversed, etc.