## BLUN v. MAYER et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

1. REFERENCE—OBJECTION TO ORDER.

    A party desiring to object to the form of an order of reference, or that it should have been in form an interlocutory judgment instead of an order, or that it was improvidently or improperly made, should, at the time it was made take such objection, by motion if it was ex parte, or by appeal if it was on notice; and may not proceed under it, and make the objection on appeal from the final judgment, or after report of the referee.

    [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, §§ 61, 62.]

2. SAME—ORDER—FINDINGS—NECESSITY.

    To justify an interlocutory judgment or an order of reference, authorized by the pleadings, it is not necessary that the court specifically find the facts admitted by the pleadings.

Appeal from Special Term, New York County.

Action by Ferdinand S. M. Blun against Rebecca Mayer and others, for a partnership accounting. From the final judgment, defendants appeal, and it is sought also to review certain orders of reference referring the action to a referee, and appointing substituted referees. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

M. H. Regensburger, for appellants.
Charles E. Souther, for respondent.

INGRAHAM, J. This action was commenced on February 18, 1880. It was brought to have a copartnership between the parties to this action dissolved, the complaint demanding that an account be taken of and concerning the copartnership dealings and transactions under the agreement, and that the proceeds thereof be divided after payment of all just debts of the copartnership and the costs of this action, between the parties according to their respective rights or interests.

The complaint alleges that the copartnership was constituted by a written agreement entered into on the 1st day of July, 1871, a copy of which agreement is annexed to the complaint; that this copartnership was to extend for a period of five years from the said date; that the said business was commenced and carried on until on or about the 25th day of December, 1875, when the copartnership was terminated by the assent of all the members thereof; that the affairs of said copartnership had never been adjusted, nor had the accounts of the several parties thereto been settled.

The defendants interposed an answer admitting all the allegations of the complaint, and alleging that all the assets and property, with the exception of certain real estate specified, was, with the consent of all the parties to the agreement, on the 25th day of December, 1875, sold and transferred to another firm consisting of the parties to this action and one Saly I. Mayer, and that the parties to this action,

including the plaintiff, have received the full value thereof; and further alleging that the copartnership still remained indebted to divers parties in divers sums, and there still remained undetermined and pending divers suits and claims against the firm, and that the plaintiff's rights and liabilities to and with the defendants as a partner in said firm are still unsettled, with respect to all which the defendants were ever ready and willing and still so are to have adjusted and determined. Upon the pleadings an order was entered at Special Term which recites the pendency of the action, and that the taking of an account of the copartnership dealings and transactions being necessary for the information of the court before final judgment in the action may be decreed and entered, it was, on motion of the plaintiff, referred to a referee to take and state an account of all the dealings and transactions of said copartnership, requiring the parties to produce before the referee all books, deeds, papers, and writings in their custody or under their control relating to such dealings and transactions, and directing the referee to make all just allowances to the parties as between themselves, and what, on the balance of the said account, should appear to be due from either party to the other, to be paid as the referee should direct, reserving questions of costs until the coming in of the referee's report. This order does not appear to have been made, either on notice to the defendants, or by their consent, and no appeal was taken from the order and no motion was made to vacate it. It also appeared that on the 7th day of May, 1887, the referee named in the original order of 1883 having died, an order was made on consent of the plaintiff's attorneys appointing Austen G. Fox, Esq., counselor at law, as referee, in place of the deceased referee. Mr. Fox having resigned, an application was made at the Special Term, on notice to the defendants, for an order appointing a new referee; whereupon, on the 31st day of May, 1899, Lewis L. Delafield, Esq., was duly appointed referee in place of Mr. Fox. Subsequently, Mr. Delafield resigned as referee, and, on November 9, 1903, an order was made at the Special Term of the Supreme Court appointing Hamilton Odell, Esq., as referee, and the proceedings were then continued before Mr. Odell who made his report on the 20th of April, 1905.

From this report it appeared that the accounts of the defendants were duly filed before the referee on the 12th day of November, 1903; that on the 23d day of February, 1904, the plaintiff filed objections to said accounts; that the copartnership described in the complaint was terminated on the 24th day of December, 1875; that according to the balance sheet and trial balances then prepared there were to the credit of the various copartners various sums of money stated in the report, and that the amount so stated represented the actual interests of the various partners upon the dissolution of this copartnership, these balances having been stated and agreed to by the said partners at the time of the dissolution of the copartnership; that there was no balance or sum on said date due or payable from either of said parties to the other, for the reason that upon the termination of the said copartnership, a new copartnership was formed under the same name and composed of the same original copartners and one Saly I. Mayer, and all the property, assets, and money of the old firm which repre-

sented the sums standing to the credit of the several parties, respectively, as shown by the said balance sheet and grand trial balance, was sold and transferred to, or taken over by, said new copartnership, which continued the business of the old firm. The defendants filed certain objections to this report, which were overruled by the court, and judgment was entered as directed by the referee. It also appeared that the new copartnership referred to by the referee in his report continued until its dissolution, when its affairs were liquidated by the retiring partners, and that at the time this action was commenced there was commenced by the same plaintiff an action for the adjustment of the accounts of the succeeding copartnership. That action also resulted in a judgment which was appealed from by the defendants, such appeal having been heard at the same time as the appeal from the judgment in this action; and the question arising upon that appeal will be separately considered. We are now concerned only with the appeal from the judgment in this action.

I do not understand that the appellants seriously object to the findings of the referee in this action, so far as he determines the respective interests of the parties in the assets of the copartnership transferred to the succeeding copartnership. The defendants seek to review these various orders of reference, and the principal claim of the defendants on the appeal from this judgment is that the court was without power to order a reference in this action. The facts alleged in the complaint from which it appeared that an accounting was necessary having been admitted by the answer, the plaintiff was entitled to an interlocutory judgment, or the court could under section 1015 of the Code of Civil Procedure direct a reference to take the account; but I do not think that an objection to the form of the order of reference can be raised upon an appeal from a final judgment. The original order which is called an order of reference, was entered, so far as appears, ex parte. If counsel for the appellants had desired to object to the form of this order, or that it should have been in form an interlocutory judgment, instead of an order, he was bound to take that objection at the time by a motion to set aside the order, if ex parte, or an appeal from the order if made upon notice. The order was made 20 years ago, and the record shows that his attention was at that time called to the form of the order as he objected to proceeding under it. Upon the death of the referee named in that order and the resignation of the succeeding referees, motions were subsequently made and granted upon motion to the defendants for the appointment of a substituted referee, and the defendants were bound to appeal from those orders if improvidently or improperly granted. It cannot be that a party to an action can proceed under such an order and after the referee has reported, object to the form of the order under which he was proceeding. If the question was before us, however, we think this order was in effect an interlocutory judgment and was regular. There was no question of fact or law presented by the pleadings that required the court to determine any interlocutory question before the accounting was taken. No objection was taken to the form of the action, or that the action was unnecessary. All that the interlocutory judgment could require was that the accounts of the copartnership

should be taken before a referee named and that he should determine the amount due to each partner as between themselves.

Upon the pleadings the court could direct an interlocutory judgment, or it could direct the accounts to be taken before a referee, based upon the facts conceded by the pleadings, under section 1015 of the Code of Civil Procedure. It was not necessary to justify a judgment or such an order that the court should specifically find the facts admitted by the pleadings. Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 76 N. E. 1075.

No other question is presented upon this appeal that requires consideration, and the judgment appealed from should be affirmed, with costs. All concur.

Charles Edward Souther, for respondent.