## LAWRENCE v. WEBER et al.

(Supreme Court, Special Term, New York County. January 5, 1910.)

1. CORPORATIONS (§ 206*)—STOCKHOLDERS—SUING FOR CORPORATION—REFUSAI OF CORPORATE OFFICERS TO ACT—NECESSITY OF DEMAND.

Where a corporation is under the exclusive control of the officers, so that it would be useless to demand that the corporation bring action to enjoin their wrongful acts, plaintiff may sue in his own name without making such demand.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. § 206.*]

2. INJUNCTION (§ 73*)—RESTRAINING ACTS OF CORPORATION DIRECTORS.

Equity will enjoin officers or directors from abusing their powers to the injury of stockholders.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 139, 140; Dec. Dig. § 73.*]

3. CORPORATIONS (§ 320*) — STOCKHOLDERS — ACTIONS AGAINST DIRECTORS — GROUNDS OF ACTION—ABUSE OF POWERS.

Plaintiff and the individual defendants are the stockholders of defendant corporation; plaintiff owning 40 per cent. and defendants owning the remainder of the stock. Plaintiff contracted with one of defendants to assign his right to produce a play to the corporation, which is capitalized for $5,000, and of which such defendant is treasurer, his brother, another defendant, president, and his brother-in-law, another defendant, is a director; the other director being defendant's counsel. The complaint alleged that large profits had resulted from the play, which had been absorbed by one of the defendants, his relatives, and confidential employés, and that excessive sums have been drawn as salaries, office rent, and expenses of producing the play. Held, that plaintiff could compel defendants to account for the profits of the corporate business.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

Suit by Walter N. Lawrence against Joseph M. Weber and others. On motion for an injunction pendente lite. Motion granted.

Ingram, Root & Massey, for plaintiff.

Dittenhoefer, Gerber & James, for defendant Joseph M. Weber.

House, Grossman & Vorhaus, for other defendants.

NEWBURGER, J. · This is an application for an injunction pendente lite. The plaintiff and the defendants Weber, Friedman, and Werblin are the stockholders of the defendant the Broadway Productions Company; plaintiff owning 40 per cent., while the other defendants own 60 per cent., of the stock. In October, 1908, plaintiff, who had the right to produce a play entitled "Climax," entered into a contract with the defendant Joseph M. Weber to assign the same to the defendant corporation, then owned by Weber, and that the plaintiff was to receive 40 per cent. and Weber to retain 60 per cent. of the capital stock. The corporation was capitalized for $5,000. The play was produced February 1, 1909, and still continues to be produced. Seven companies have been formed, and the play has been presented throughout the country. It appears that the defendant Joseph M. Weber is the secretary and treasurer, his brother Max is the president, and Philip Friedman, his brother-in-law, is a director, while the other

director, Werblin (who has since resigned), is a member of the firm of lawyers who were his counsel. The complaint alleges that, notwithstanding the enormous profits resulting from the phenomenal success of the play and its low cost of production, the defendants have so contrived and manipulated the affairs of the defendant corporation that the entire profits have been absorbed by the defendant Joseph M. Weber, his relatives, and confidential employés. The complaint further alleges that large sums have been drawn by the defendant Joseph M. Weber for salary and office rent. It is admitted by the defendants that the defendant Joseph M. Weber has drawn $100 per week salary for each company and $35 per week for each company for office rent, and Max Weber, the other defendant, and one Rosenthal, an employé of Joseph M. Weber, have received each $10 a week salary for each company. It is claimed, however, that such sums were drawn pursuant to a resolution adopted at a stockholders' meeting. The plaintiff denies that the stockholders adopted such a resolution, or that the matter was ever considered at any meeting held by the stockholders. The complaint further alleges that the defendant Joseph M. Weber has paid unto himself large sums of money for expenses in producing the play, which sums were excessive, improper, and incorrect. There are other charges of misconduct contained in the complaint to which it is unnecessary to refer.

There appears to be no dispute that large sums of money have been received for the production, the defendant Weber in his affidavit stating that more than $125,000 have been received by him, while plaintiff claims that the amount received exceeds the sum of $300,000. It is not denied that the only office occupied by the defendant corporation was desk room in the general offices of Joseph M. Weber, who admits that he has other interests. I do not in this preliminary proceeding intend to question the value of the services rendered by the defendant Weber, nor discuss the question as to what is the custom in the theatrical profession as to charges for managerial services. I am asked simply to pass upon the question as to the rights of a 40 per cent. stockholder in a corporation which is conceded to have received large sums of money and to have expended almost all of it in salaries, office rent, and other expenses, thus depriving the stockholder of a just return upon his investment. Mr. Justice O'Brien in Sage v. Culver, 147 N. Y., on page 247, 41 N. E. 514, says:

"When a trustee or the officer or director of a corporation deals with himself as an individual, or in the character of trustee, director, or officer of another corporation, with respect to the funds, securities, or property of the corporation, the transaction is at least open to question by the corporation, or, in a proper case, by its stockholders, and the trustee is bound to explain the transaction, and show that the same was fair, and that no undue advantage has been taken by him of his position for his own advantage, or the advantage of some other corporation in which he has an interest. When it can fairly be gathered from all the allegations of a complaint that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote some selfish interest, enough is then averred to set a court of equity in motion and to require an answer from the defendants in regard to the facts. When it appears that the trustee or officer has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction which he is required to explain."

And in the case of Jacobson v. Brooklyn Lumber Co., 184 N. Y. 162, 76 N. E. 1078, it was held:

"The relation of an officer of a corporation to it is fiduciary, and he must at all times act in good faith and unselfishly towards the corporation. The relation is such that an officer of a corporation cannot make an agreement with himself acting on the one part individually and for his own benefit and on the other part in his fiduciary capacity as an officer of the corporation."

It is said in 10 Am. & Eng. Cyc. of Law, 790:

"A director cannot with propriety vote in the board of directors upon a matter affecting his own private interest, any more than a judge can sit in his own case; and any resolution passed at a meeting of the directors, at which a director having a personal interest in the matter voted, will be voidable at the instance of the corporation or the shareholders, without regard to its fairness, provided the vote of such director was necessary to the result."

The courts in this state have frequently asserted the voidability of acts and votes of corporate officers when they are affected by private interests. In Flynn v. Brooklyn City R. R., 158 N. Y. 507, 53 N. E. 524, cited by defendants' counsel, Mr. Justice Vann says:

"While courts cannot compel directors or stockholders, proceeding by vote of a majority, to act wisely, they can compel them to act honestly, or undo their work if they act otherwise. Where a majority of the directors or stockholders, or both, acting in bad faith, carry into effect a scheme which, even if lawful upon its face, is intended to circumvent the minority stockholders and defraud them out of their legal rights, the courts interfere and remedy the wrong."

And the court further says, at page 508 of 158 N. Y., and page 524 of 53 N. E.:

"When a contract founded in fraud is executed by the directors with a third party upon the express approval of a required number of stockholders, with the intention on the part of all concerned to defraud the nonassenting stockholders, and the scheme will naturally result in serious injury to them or to the corporation, a court of equity will set aside the fraudulent transaction and compel the delinquent parties to account."

As to the objection by the defendants that the plaintiff cannot bring this suit, for the reason that he did not apply to the defendant corporation that it bring the suit, it is untenable. It has been repeatedly held that, where a corporation is exclusively under the control of the trustees and officers whose acts and management are questioned, a demand that the corporation bring the action would be idle and fruitless, and in such cases equity permits the stockholder to bring the action in his own name. See Sage v. Culver, 147 N. Y. 246, 41 N. E. 513, and cases there cited. It appears to be also well settled that, while the courts will not interfere with the internal affairs of a corporation, the equity powers of the court may be invoked to restrain officers or directors from abusing their powers. Without attempting to characterize the conduct of the defendant Joseph M. Weber, who appears to be the master mind, I am of the opinion that the plaintiff has made out a sufficient case to call upon him and the other defendants to render an account of their stewardship.

For the reasons herein stated, the motion for an injunction pendente lite must be granted. Settle order on notice.