## STURNDORF v. SAMURAI CO.

(Supreme Court, Appellate Term. February 18, 1910.)

CORPORATIONS (§ 298*)—DIRECTORS—POWERS.

Where the by-laws of a corporation provided that there should be five directors and that a majority should constitute a quorum, a resolution adopted at a meeting attended by three directors, who were the president, secretary, and treasurer, respectively, at a time there were but four directors, providing for a salary to the secretary and treasurer and a commission to the president, was not binding on the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 298.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William Sturndorf against the Samurai Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morton Stein, for appellant.

I. S. Lambert, for respondent.

SEABURY, J. The plaintiff sues upon an alleged account stated. The facts of the case are undisputed. The by-laws of the defendant corporation provided that there should be five directors, and that a majority should be necessary to constitute a quorum. At the time of the meeting on October 30, 1908, there were in fact but four directors. This meeting was attended by Greeman, the president, Hochheimer, the treasurer, and the plaintiff, who was secretary. The fourth member of the board of directors did not receive notice of the meeting. The three directors who were present at the meeting voted for a resolution giving a salary to the treasurer and to the secretary and giving the president a commission of 3½ per cent. on all sales made by the company. In January, 1909, the plaintiff made out a statement of account, showing that the defendant was indebted to him in the sum of $200. This statement of account was delivered to the president and treasurer. Upon this proof the plaintiff has been awarded judgment.

We think that the judgment should be reversed. The evidence is insufficient to establish an account stated. The alleged account stated was predicated upon the resolution of April 30, 1908, which was not a valid resolution. This is simply a case where three directors held a meeting and voted salaries to themselves. The resolution was not binding upon the defendant corporation, whose property is not left by the law so unprotected as to be subject to such a raid. Butts v. Wood, 37 N. Y. 317; Kelsey v. Sargeant, 40 Hun, 151; Beers v. N. Y. Life Ins. Co., 66 Hun, 75, 20 N. Y. Supp. 788; Copeland v. Mfg. Co., 47 Hun, 235.

Judgment reversed, with costs, and complaint dismissed.

LEHMAN, J., concurs.

BIJUR, J. I concur on the ground that the contract for the salary between the company and plaintiff was voidable at the option of the company, because it was authorized at a meeting of the directors at which the presence of plaintiff was necessary to make up a quorum, and also because he himself actually voted in favor of the resolution. Butts v. Wood, supra; Jacobson v. Brooklyn Lumber Company, 184 N. Y. 152, 162, 76 N. E. 1075, citing with approval 10 Cyc. 790.