GALE v. CANADA, A. & P. S. S. CO., Limited.

(Circuit Court of Appeals, First Circuit. May 29, 1911.)

No. 869.

1. CORPORATIONS (§ 308*)—OFFICERS—EXECUTIVE COMMITTEE—VOTE OF SALARIES.

Where the president and general manager of a corporation had a meeting of the executive committee when no others were present, and voted and allowed to each $1,854.20 as a mere gratuity as the result of a fraudulent combination between them, they could not recover such sum from the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

2. CORPORATIONS (§ 308*)—OFFICERS—SALARIES—ACQUIESCENCE.

Where the president and general manager of a corporation conducted proceedings, assuming to give each a salary of $5,000 a year, under which the general manager drew salary at various times for 13 months without objection, the corporation thereby acquiesced in the agreement to pay such salary for the term the manager was so employed, and could not deny its validity.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1334–1349; Dec. Dig. § 308.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by George E. Gale against the Canada, Atlantic & Plant Steamship Company, Limited. Judgment for plaintiff, and defendant brings error. Affirmed, on condition.

Charles S. Hill, for plaintiff in error.

Wm. M. Richardson, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. The plaintiff in the Circuit Court recovered a verdict for $2,500, and the defendant sued out this writ of error. The case was brought in the Circuit Court in connection with a suit of the plaintiff company against one Hayes, in which we rendered an opinion on writ of error on August 30, 1910, 181 Fed. 289, 104 C. C. A. 271. It was agreed that the two records were to be made use of together, both in the Circuit Court and in this court.

Hayes and Gale were acting in co-operation with each other in June, 1903, one assuming to become the president of the plaintiff corporation and the other the managing director. It is sufficient, without referring in detail to our opinion in the case of Hayes against the same corporation, that we held that their proceedings were invalid. Those proceedings assumed to give each a salary of $5,000 a year; but Gale did in fact serve as managing director from June 1903, to July, in 1904, in all 13 months, and rendered continuous services as such of more or less value. Payments were made to Gale on account of the $5,000 salary monthly to and including June, 1904; and receipts in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the ordinary course were given therefor. For the first 5 months those payments were for the full amount of the salary, but for the next 7 months they were only partial; so that the matter worked out as follows: The salary for 13 months amounted to $5,416.67. The payments amounted to $3,833.31, leaving unpaid $1,583.36.

[1] At a meeting of the executive committee of the directors held on June 4, 1904, at a time when only Hayes and Gale were present, a vote was passed allowing to Hayes and Gale, and each of them, $1,854.20. This was pure gratuity so far as the record shows; and, under the circumstances, it was the result of an illegal and fraudulent combination between Gale and Hayes, and it should be disallowed. It appears that this was added to the unpaid balance of $1,-583.36, already stated, making a total of $3,447.56, from which there was paid to Gale $2,500, for which the verdict in question was recovered.

[2] Undoubtedly, in accordance with our opinion in the case of the plaintiff corporation against Hayes, nothing would have been due Gale if his case stood precisely as Hayes'; but Gale alleges that the plaintiff corporation, by acquiescence, cannot be heard to attack the validity of the arrangement about the $5,000 salary. According to well-settled rules, the mere fact that the officers of the plaintiff corporation were not expressly informed of all the details of what was transacted is not effective, because it was their duty during the space of 13 months to know that this money was being paid out. We cannot doubt that by acquiescence the salary of the defendant below, the plaintiff in error here, for the 13 months referred to, must run at the rate of $5,000 a year, thus leaving due him the amount we have named, $1,583.36. He drew, however, $2,500, which was in excess of the amount due him by $916.64. Therefore, unless the plaintiff enters a stipulation in this court, waiving so much of its verdict as is in excess of $916.64, the verdict must be set aside, and the case remanded to the Circuit Court for further proceedings in accordance with our opinion passed down on the 29th day of May, 1911; but neither party will recover any costs in this court.

It is ordered that the case stand over until July 1, 1911, till which time the defendant in error has its option to file its waiver as provided by the opinion passed down this 29th day of May, 1911.