CHARLES H. CHAMBERLAIN, Plaintiff, *v.* CHAMBERLAIN, CARE & BOYCE, INC., Defendant.

Supreme Court, Erie County, January 29, 1925.

Corporations — action to recover upon account stated for compensation voted to claimant for prior services — plaintiff and two others constituted directors and stockholders — resolution provided for payment out of moneys thereafter to be received for services previously rendered by corporation — corporation also voted extra compensation to other directors — action of board of directors not ultra vires and void — use of specified source of income for other purposes not defense — defendant estopped from raising defense that additional compensation must be paid ratably — provision in resolution for payment at reasonable discretion of board of directors not defense — plaintiff entitled to recover on resolution or on agreement by defendant to pay or on both grounds.

It is not a defense in an action to recover upon an account stated for additional compensation voted by the board of directors of the defendant corporation, of which plaintiff was a member, to the respective members of the board for services previously rendered, that the proceedings of the board of directors were *ultra vires* and void, for said action was voidable only, where it appears that the additional compensation was to be paid out of money received by the corporation for services rendered by it prior to the adoption of the resolution providing for the additional compensation; that payments were to be made in

installments in the reasonable discretion of the board of directors; that the board of directors owned all the outstanding stock of the corporation; that there was no fraud involved in the proceedings, and that there were no creditors or minority stockholders to complain.

Moreover, the action of the board of directors was subsequently ratified informally by all of the stockholders where they received credit on the books of the corporation for the compensation items.

It is no defense to the action that the money, from which the additional compensation was to be paid, was used for other purposes, where it appears that the additional compensation accounts were balanced and carried forward annually, indicating that they still were regarded as valid and subsisting liabilities of the defendant corporation.

Nor is it a defense to the action that the compensation could be paid ratably only, if at all, to all of the stockholders and directors to whom compensation was voted, since the corporation waived that provision and is estopped from raising the defense through its action in not paying the installments ratably.

The provision in the resolution leaving the payment of the installments of the additional compensation to the reasonable discretion of the board of directors, and that payment was to be made as the finances of the corporation permitted, does not constitute a defense, since, when the plaintiff sold his stock to other members of the corporation the price fixed for the stock, a nominal sum, was determined after considering the amount still due under the resolution granting additional compensation.

The plaintiff is entitled to recover either on the original resolution of the board of directors, acquiesced in and ratified by the corporation, or on the subsequent agreement by the defendant that if the corporation was not dissolved an arrangement would be made to pay plaintiff's claim, or on both grounds.

ACTION upon an account stated.

*B. D. Reisman,* for the plaintiff.

*Merritt N. Baker,* for the defendant.

O'MALLEY, EDWARD R., J.:

Plaintiff sues to recover the sum of $2,046.37 upon an account stated. The case was tried before the court and a jury. At the close of the evidence it was stipulated that the jury be discharged, and the questions of fact be submitted to the court for determination.

There is little, if any, dispute as to the facts. It appears that plaintiff was a stockholder, director and an employee of the defendant for some time prior to December 9, 1920. On that day certain resolutions were passed by the board of directors of the defendant, at a special meeting, granting " additional compensation " to the directors for services performed during the year of 1920. The board of directors consisted of the plaintiff, one Harry Care and J. M. Boyce. The " additional compensation " allowed to plaintiff and Care was $1,800 each and the allowance to Boyce was $500. The language of the resolution granting the increase to the plaintiff is as follows:

31

" Upon motion duly made and seconded, Mr. Chamberlain not voting, the following resolution was adopted:

"*Resolved*, that the compensation heretofore authorized and directed to be paid to Charles H. Chamberlain for services performed by him for this corporation for the year 1920, be and the same hereby is increased in the sum of $1800; and

"*Be it further resolved*, that the Treasurer of this corporation be and he hereby is authorized and directed to pay to the said Chamberlain the said sum of $1800, in installments, out of moneys hereafter received by the corporation for services performed by it during said year 1920. Such installments to be paid at such times and in such amounts as the Board of Directors hereafter, in the exercise of reasonable discretion, may determine."

Similar resolutions were passed granting additional pay to Care and Boyce in the amounts heretofore mentioned and an additional bonus of $250 was voted to P. H. Taylor, a stockholder of the defendant.

On March 1, 1921, the board of directors passed another resolution increasing " such additional compensation " by the sum of $383.64 each to the plaintiff and Care for the year 1920, making a total to each of $2,183.64. The resolution of March first provided also that "All of such additional compensation accounts shall be paid ratably and as the finances of the corporation permit."

These items were credited to the plaintiff and the others, respectively, on the books of the corporation on January 1, 1921, under the caption " special compensation accounts."

On December 31, 1921, the defendant made a charge of $37.27 against plaintiff's " special account," and in January, 1924, made a further debit against this account of $100. This left a book balance in favor of the plaintiff of $2,046.37, the amount for which he brings suit.

At different times a total sum of $530.83 was charged against the " compensation account " of Mr. Care on the books of the defendant. No charges were made against the accounts of Boyce or Taylor.

The evidence further shows that a stockholders' agreement was entered into between the plaintiff, Care and Boyce, providing that in the event of the withdrawal of either of said stockholders from the corporation, his stock might be purchased by the other two stockholders at its book value. In accordance with this agreement, the plaintiff sold his stock to Care and Boyce in January, 1924, and the value thereof was determined to be the sum of twenty-six dollars. The low valuation placed on plaintiff's stock was due to the liabilities of the defendant, consisting almost solely of its

indebtedness as shown by these " special compensation accounts." When the plaintiff sold his stock as aforesaid, there was a further talk between plaintiff, Care and Boyce as to when the defendant would pay the plaintiff the balance due on this claim. Care and Boyce, speaking for the corporation and as a majority of the directors, agreed that on or before April 30, 1924, they would either take steps to dissolve the corporation and wind up its affairs and apply the corporate assets to meet defendant's indebtedness, or, in the event it was decided to continue the business, the corporation would arrange to pay plaintiff's claim. The corporation was not dissolved and the defendant refused to pay the claim.

As a defense to this action defendant claims:

(1) That the resolution of the board of directors purporting to grant the additional compensation was *ultra vires* and void.

(2) That there was not any or sufficient money received by the defendant " for services performed by it during 1920 " with which to pay the claims.

(3) That said account was to " be paid ratably," and that plaintiff is not entitled to succeed in this action and thus get a preference over the others credited with these accounts.

(4) That the time of payment was left to the " reasonable discretion " of the board of directors, which discretion had not been exercised; and

(5) That these accounts were to be paid " as the finances of the corporation permit," and that there has been no time since the passage of the resolutions when the corporation was financially able to pay these " additional compensation " liabilities.

As to the validity of the action of the board of directors: It is the settled general rule of law that corporate directors are precluded from increasing or voting compensation to themselves as directors or officers for either past or future services. Such action on the part of the directors may be void or voidable and even valid, depending upon the facts in each case and the circumstances under which such actions were taken. (*Francis* v. *Brigham-Hopkins Co.*, 108 Md. 233; *Murray* v. *Smith*, 166 App. Div. 528; *Hubbard* v. *N. Y., N. E. & W. Investment Co.*, 14 Fed. 675; affd., 119 U. S. 696; *Kearns* v. *New York, etc., Ferry Co.*, 19 Misc. 19; *Godley* v. *Crandall & Godley Co.*, 212 N. Y. 121; *Shaw* v. *Ansaldi Co., Inc.*, 178 App. Div. 589.)

In *Francis* v. *Brigham-Hopkins Co.* (*supra*) the action was by a stockholder in which the claim was made that the increase of salaries was excessive and unreasonable, and it was held that such action of the board was not void.

In *Murray* v. *Smith* (*supra*) it was held that an action increas-

ing the salaries was voidable, not void (p. 534), citing *Jacobson* v. *Brooklyn Lumber Co.* (184 N. Y. 152, 162); *Barr* v. *N.· Y., L. E. & W. R. R. Co.* (125 id. 274, 275); *Godley* v. *Crandall & Godley Co.* (*supra*).

It was also held in *Shaw* v. *Ansaldi Co., Inc.* (*supra,* 596) that where there was no fraud or bad faith charged against the defendants in voting for the distribution of the money as salaries, and that the directors were the sole stockholders of the corporation, such action was not illegal.

The court says further that " Even where excessive salaries have been voted to themselves, but in good faith and without intent to defraud creditors by directors, they may be allowed to retain such part thereof as will reasonably compensate them for their services, for the performance of which others might have been employed," citing *Carr* v. *Kimball* (153 App. Div. 825; affd., 215 N. Y. 634); *MacNaughton* v. *Osgood* (41 Hun, 109).

Such action of directors is binding on the corporation if ratified by all the stockholders. (*Figge* v. *Bergenthal,* 130 Wis. 594; 109 N. W. 581; 110 id. 798; *Shaw* v. *Ansaldi Co., Inc., supra.*)

The most that can be said here is that the action of the board of directors in voting the special or additional salaries to themselves was voidable. The compensation paid plaintiff in 1920 had never been fixed or stated on an annual salary basis. He was receiving the sum of fifteen dollars a week in December of 1920. No charge of fraud is made. There were no creditors to complain. The defendant was a closed corporation. The board of directors were the owners of all of the outstanding stock of the corporation. ·There was and is no minority stockholder to complain. The actual value of the assets of the corporation, so far as the stockholders were concerned, was not impaired or affected by the action of the board of directors. Furthermore, the action of the board was ratified by the corporation as the accounts were immediately entered in the defendant's books, crediting the plaintiff and the others with the amounts respectively voted to them, and payments were made thereon.

True, the stockholders as such have not formally voted to ratify the action of the board of directors in voting these items of compensation. The plaintiff, Care, Boyce and Taylor were the owners of all the stock of the corporation and as such have claimed and received credit on the books of the corporation for these liabilities. These acts of all of the stockholders constitute a ratification of the action of the board of directors quite as effectively as if a formal vote of ratification had been taken.

It also has been held that a corporation may, by acquiescence,

be estopped to deny the validity of the action of its board of directors. (*Gale* v. *Canada, A. & P. S. S. Co.*, 187 Fed. 598.)

Nor do I think the second defense can be sustained. It is true the accounts receivable for 1920 were used for other purposes, including the payment of salaries for 1921. However, the "additional compensation accounts" were balanced and carried forward on defendant's books annually from January 1, 1921, until March 31, 1924, indicating that they were still regarded as valid, subsisting liabilities which had not been canceled or affected by reason of non-payment thereof from the proceeds received by the defendant from the accounts receivable of 1920. Furthermore, in December of 1921 and in January of 1924, plaintiff's account was charged with items of allowance made to the plaintiff by the defendant.

The defendant's claim that these additional compensation liabilities must be paid "ratably," if at all, to all of the four stockholders and that plaintiff is not entitled to assert his claim alone must fall. The defendant, by having paid Care $530.83 on his account, and the plaintiff $137.37 to apply on his, and having paid nothing to Boyce or Taylor, has waived this provision of the resolution and is now estopped from raising the defense, even if it were a substantial one.

I am also of the opinion that the provisions of the original resolution to the effect that the time of payment of these claims was left to the "reasonable discretion" of the board of directors and that payment was to be made "as the finances of the corporation permit," do not constitute a defense to this action.

In January, 1924, when the book value of plaintiff's stock was determined from the defendant's books, showing the corporate assets and liabilities, the defendant made the claim that these accounts were corporate liabilities. The value of plaintiff's stock was reduced to a nominal sum due to these accounts, totaling the sum of $5,000 in round numbers. The plaintiff owned one-third of the outstanding stock, and if these accounts had not been regarded as liabilities, his stock would have had a value of approximately $2,000 or substantially the amount for which he brings suit. The defendant cannot claim these accounts as matured, subsisting liabilities for the purpose of reducing the value of its own stock in the hands of the plaintiff and then, when plaintiff seeks payment of this liability, be heard to say that the plaintiff's claim is prematurely made or that the liability is not enforcible or that there is no liability.

It might be added that if this defense should prevail, it would result in a fraud upon this plaintiff. Boyce and Care, two of the

stockholders, purchased this stock from the plaintiff for the sum of twenty-six dollars. As said before, this nominal value of the stock was due to the existence of these compensation accounts, which were regarded as liabilities. If it is decided now that these were not liabilities, the plaintiff will be defrauded out of his stock and the value thereof will inure to the benefit of the two directors who purchased the stock.

I am of the opinion that plaintiff is entitled to succeed here by basing his cause of action either on the original resolutions of the board of directors, acquiesced in, and ratified by the corporation, or on the agreement made by the defendant in January, 1924, that if the corporation was not dissolved an arrangement would be made to pay plaintiff's claims, or on both grounds.

For the reasons stated, the plaintiff is entitled to a verdict against the defendant for the sum of $2,046.37.

Judgment may be entered accordingly.