### CHILD et al. v. O'ROURKE.

(Supreme Court, Appellate Division, Third Department. November 27, 1907.)

1. PARTNERSHIP—ACCOUNTING—GROUNDS OF ACTION.

    One who admits that a partnership existed between himself and a copartner, that the business had been sold, that he received the price and had not accounted for the same, and that he had handled the receipts of the firm and had kept the books thereof, admits the right of the copartner to a partnership accounting.

2. SAME—COMPLAINT—ALLEGATIONS—SURPLUSAGE.

    The averments of the complaint, in a suit by a partner for a partnership accounting, that defendant unlawfully took partnership property and used the same for his own purposes, and used money in payment of fictitious notes, without accounting for the same, do not stamp the action as one in tort, nor affect the partner beneficially or the copartner prejudicially, and are mere surplusage, where the partner can prove the facts

under other allegations, and an order compelling a bill of particulars with respect to such averments is improper.

Appeal from Special Term, Franklin County.

Action by Sanford A. Child and another against John O'Rourke. From an order denying a motion for a bill of particulars, defendant appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

A. J. Nellis and Thomas Cantwell, for appellant.
Wells & Moore, for respondents.

COCHRANE, J. The action is for a partnership accounting. January 1, 1900, the three parties formed a copartnership for the purpose of carrying on a lumber business. They purchased and lumbered timber lands, manufactured the timber into lumber, and sold it at wholesale and retail. Each agreed to contribute one-third of the capital and to share alike in the profits and losses. There are other details unnecessary to state. In 1906 the firm sold out to a third party for $25,000 and went out of business. The answer admits the copartnership, and that the firm continued in business until 1906, when it sold out for $25,000, and "that the defendant as a member of said firm received the same and has not accounted for the same, but has used the greater part of said money in payment of the debts of said firm." The answer also admits:

"That the defendant did substantially all the selling, handled a large part of the receipts, paid out the larger part of the moneys of said firm, and kept all the books and accounts of said firm during the latter part of its continuing in business, and to a large extent acted as manager of the business of said firm."

The right of the plaintiffs to an accounting, therefore, stands admitted by the answer. The defendant seeks a bill of particulars of the fifth, sixth, seventh, tenth, and twelfth paragraphs of the complaint. These paragraphs allege that the defendant wrongfully and unlawfully took partnership capital, lumber, and building material, and used the same for his own purposes, and used money in payment of fictitious notes, and otherwise used partnership money and property, without accounting for the same. Defendant demands minute particulars of these allegations.

Those paragraphs of the complaint are clearly immaterial and unnecessary to the cause of action alleged. Without them plaintiffs could prove the same facts under the other allegations of their complaint. They do not stamp the action as one in tort, or affect the plaintiffs beneficially or the defendant prejudicially. They are merely surplusage. Had defendant made an appropriate motion to strike those paragraphs from the complaint, such motion would be entitled to serious consideration. But the court should not order a bill of particulars as to allegations clearly immaterial, and which neither benefit nor prejudice either party, and which, if omitted from the com-

plaint, would nevertheless be provable under the other allegations appropriate to a partnership accounting.

The order should be affirmed, with $10 costs and disbursements. All concur.