CONVERY v. MARRIN et al.

(Supreme Court, Appellate Division, First Department.　October 23, 1908.)

PLEADING (§ 322*)—BILL OF PARTICULARS—LACHES—APPLICATION OF RULE.

　　The rule denying bills of particulars for laches of the moving party does not apply where, though the motion was not made until the eve of the trial, it does not appear that plaintiff had lost anything by the delay, nor that she would have to submit to a postponement if required to furnish the particulars.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 975; Dec. Dig. § 322.*]

Appeal from Special Term.

Action by Bridget Convery, administratrix of James Convery, against Edward Marrin and another.　From an order denying a bill of particulars, defendants appeal.　Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William L. O'Brion, for appellants.

PER CURIAM.　Appeal from an order denying a bill of particulars.　The action is for damages for the death of plaintiff's intestate. and the complaint is in the usual general form, charging the defendants with every possible form of negligence.　The defendants' motion for a bill of particulars has been denied upon the ground of laches, based apparently upon the fact that the motion was not made until the eve of the trial.　It does not appear that plaintiff has lost anything by the delay, or that she would be compelled to submit to a postponement of her trial if required to furnish the required particulars.　In fact, it may well be that she is in a better position to do this now than she would have been earlier in the litigation, before she had had an opportunity to ascertain just what evidence she could command.　If she is prepared to go to trial, she must know what she will undertake to prove, and should find no difficulty in furnishing the particulars demanded.　The rule under which motions are often denied on account of laches on the part of the moving party has no application to such a case.

Order reversed, with $10 costs and disbursements, and motion granted.