### LEVITTAS v. HART.

(Supreme Court, Appellate Term.  May 7, 1909.)

PLEADING (§ 323*)—BILL OF PARTICULARS—SECOND MOTION.

 Denial, on the ground of laches, of defendant's motion for bill of particulars, the case being then on the day calendar, is no ground for denial of a second motion therefor, the case having in the meantime, at plaintiff's request, been marked off the day calendar and returned to the general calendar, under which situation defendant should be allowed a bill, as it would not delay plaintiff.

 [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

Appeal from City Court of New York, Special Term.

Action by Emanuel Levittas against Frieda Hart.  From an order denying a motion for bill of particulars, defendant appeals.  Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Joseph Rosenzweig, for appellant.

Henry Kuntz (A. Pinkney Wilkes, of counsel), for respondent.

PER CURIAM. The action was brought by plaintiff May 19, 1904, for damages alleged to have been caused to the plaintiff because of the leakage of water through the roof of premises owned by defendant and occupied by plaintiff as a tenant. On June 11, 1904, a demand for a bill of particulars was served upon plaintiff's attorney. On January 8, 1909, an order to show cause why such demand should not be complied with, containing a stay (until the hearing and determination of the motion) of the action, which was then upon the day calendar, was secured. The justice before whom the motion was argued denied it upon the ground that defendant was "guilty of inexcusable laches," and an order denying the motion and vacating the stay was entered. On January 21, 1909, the case, being still undisposed of, was marked off the day calendar at the request of plaintiff and returned to the general calendar. Thereupon, and on February 8, 1909, the defendant secured an order to show cause why a reargument should not be had from the judge who had denied the motion. That motion for reargument, coming on to be heard before another judge, was not referred by him to the judge who had denied the motion, and who granted the reargument, but was denied upon the sole ground that the motion had been previously denied for laches and no appeal had been taken from that decision.

It appears that in opposition to the first motion plaintiff's attorney introduced an affidavit in which he stated that the cause was then on the day calendar and that:

"The plaintiff was prevented from proceeding in this action by reason of a stay contained in the order to show cause obtained by the defendants in this motion for a bill of particulars."

Upon the motion for reargument, however, the plaintiff was not prevented from proceeding, since by his own request the case was then on the general calendar, having been marked off the day calendar. It follows that the plaintiff would not, therefore, lose by the delay, and that the trial would not be postponed if the defendant be allowed her bill of particulars, in which case such motions should be granted. Convery v. Marvin, 128 App. Div. 265, 112 N. Y. Supp. 673.

The fact that the first application had been denied, and no appeal taken, is not conclusive in this instance, since a new and different situation had arisen, and that by the plaintiff's own act, so that he could no longer urge his disadvantage as a reason for denying the motion. While it would have been, in our judgment, the better practice to refer the reargument to the judge who denied the original motion and gave leave for its renewal, this was not done. In any event the changed circumstances required a change in the decision and the motion should have been granted, especially in view of the fact that the plaintiff himself was not free from laches, in that he had delayed bringing the case on for trial for 4½ years.

The order should be reversed, therefore, and the defendant's motion granted, as prayed for in her first motion and as set out in her original demand for a bill of particulars, but not in conformity to the demand made in the second motion, which is in a number of respects unreasonable.

Order reversed, with $10 costs and disbursements, and motion granted as indicated in the opinion.