### DAVIDS v. DAVIDS et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

CORPORATIONS (§ 308*)—FRAUD OF OFFICERS—RIGHTS OF STOCKHOLDERS.

A corporation, the capital of which was $30,000, for a number of years paid its president and treasurer a salary of $20,000 a year, of which he retained only $2,500 and distributed the balance among the stockholders. The secretary had been paid $2,250 a year, and the assistant treasurer $2,000 a year. After the death of the president, the three directors holding five-sixths of the stock, which was all the stock except plaintiff's holding, raised the salary of the president and treasurer, and the assistant treasurer, and the secretary to $8,000 for each officer. The three directors held the three offices named. During the first year thereafter the net earnings of the company amounted to $6,000, but the following year there was an actual loss of about $1,000. *Held,* that the voting of such increase was fraudulent, although the resolution raising the salaries was voted on in parts, and no director voted on the increase of his own salary, and that they could be compelled to restore all moneys received by them, including the amount of their salaries as originally fixed; the burden not being on plaintiff in an action therefor to prove that the salaries voted were excessive, but the presumption being that they acted in their own interest to the prejudice of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1338; Dec. Dig. § 308.*]

Appeal from Special Term, New York County.

Action by Ella M. Davids against Louisa M. Davids and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, Mc-LAUGHLIN, and SCOTT, JJ.

Albert Ritchie, for appellants.

Charles A. Baker, for respondent.

McLAUGHLIN, J.  The plaintiff, since 1901, has been the owner of 50 shares of the capital stock of the defendant Thaddeus Davids Company, a domestic corporation with a capital of $30,000, divided into 300 shares of the par value of $100 each.  For some years prior to his death, which occurred in August, 1905, David F. Davids, plaintiff's father-in-law, had been the president and treasurer of the company and practically controlled the management of its affairs.  He was, in form, paid a salary of $20,000 a year, but of this amount actually retained, as salary, only $2,500, and the balance he distributed among the stockholders of the company in proportion to their respective holdings.  After his death the defendant Louisa A. Davids, his widow, succeeded him as president and treasurer and distributed the salary received by her for the balance of the year 1905 in the same way that he had done.  On the 8th of January, 1906, the directors of the company met and passed the following resolution:

"On motion the services of the officers were readjusted on basis of official labor; that of the president and treasurer to be $8,000, and that of the assistant treasurer to be $8,000 and that of the secretary $8,000.  L. A. Davids, president and treasurer, $8,000 per annum; J. W. R. Merckle, assistant treasurer, $8,000 per annum; Edwin W. Davids, secretary, $8,000 per annum."

The three persons named in and who passed the resolution constituted all of the directors of the corporation, and they owned all of its stock, except the shares owned by the plaintiff.  For some years prior to the passage of the resolution, Edwin W. Davids' salary as secretary had been $2,250 a year, and Merckle's salary $2,000.  After paying the salaries specified in the resolution, the net earnings of the company for the year 1906 were some $6,000, and for the year 1907 there was an actual loss of something like $1,000.

The plaintiff, in October, 1907, brought this action to compel the directors to return to the corporation the salaries paid in pursuance of the resolution; the complaint alleging that the directors had voted these salaries fraudulently for the purpose of depriving her of her just share in the profits of the corporation.  Shortly after the commencement of the action, Edwin W. Davids died, and his executor was duly substituted as a party in his place.  The answer of the defendants put in issue the material allegations of the complaint.  At the conclusion of the trial the court found in favor of the plaintiff: That the services rendered by Louisa A. Davids, as president and treasurer, from January 1, 1906, were purely nominal; that the services rendered by Edwin W. Davids were reasonably worth $2,250 a year, his former salary; that those rendered by Merckle were worth $2,000 a year, his former salary; and that all sums received by the defendants over and above such amounts had been wrongfully and unlawfully taken from

and should be returned to the corporation. Judgment was entered to this effect, from which the defendants appeal.

Before the passage of the resolution referred to, the aggregate annual salaries paid to these three officers were $6,750. While the president had nominally received a salary of $20,000, it is perfectly obvious that his real salary had been $2,500, and the fact is not disputed that the balance of $17,500 was distributed each year among the stockholders according to their respective holdings. This method of distributing profits in the guise of salary is not unknown, and, no matter what the purpose was in the present case, it was a distribution of profits among those legally entitled thereto, and nothing else. By the resolution, therefore, the directors increased their collective salaries from $6,750 to $24,000, which practically used up the entire earnings of the corporation.

It is difficult to see how the plaintiff could have made out a stronger case of fraud. The capital of the company was, as already stated, only $30,000, and the three directors were the only stockholders except the plaintiff, who owned one-sixth of the stock. They met and voted themselves this large increase in salary by a single resolution, in which they all concurred. As directors, they held a position of trust. It was their duty to manage the business and affairs of the corporation honestly and with fidelity, having in view not only their own interests, but the interest of the plaintiff. Simply because they happened to hold a majority of the stock, which enabled them to elect themselves directors, and that they constituted all of the directors, gave them no right to vote themselves salaries. In doing so they were not occupying that impartial position which the law requires; in other words, self-interest might induce them to act to the prejudice of the other stockholder. Salaries cannot be voted under such circumstances, and, when so voted and paid, the money can be recovered back for the corporation, at the suit of an aggrieved stockholder. Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 76 N. E. 1075; Miller v. Crown Perfumery Co., 125 App. Div. 881, 110 N. Y. Supp. 806; Fitchett v. Murphy, 46 App. Div. 181, 61 N. Y. Supp. 182; Snow v. Church, 13 App. Div. 108, 42 N. Y. Supp. 1072; Ziegler v. Hoagland, 52 Hun, 385, 5 N. Y. Supp. 305.

As was said in Fitchett v. Murphy, supra, quoting from the opinion of the court below (26 Misc. Rep. 544, 56 N. Y. Supp. 322):

"Directors of a corporation have no right to vote salaries to one another as mere incidents to their office, as was done here. * * * As in fixing their compensation they are in the position as trustees dealing with themselves in respect of their trusts, their action is subject to question by the stockholders or to review by the court of equity at the suit of a stockholder."

It is suggested that the resolution referred to was voted on in parts, and that no director voted on the proposition to increase his own salary, and there is some testimony in the record to this effect. But assuming that such testimony is true, and that the court would have been justified in making a finding to that effect, it would have been no justification for the increase. All that would have amounted to would have been to give the semblance of legality to a wrongful act, which would not prevent a court of equity from exercising its powers to compel a restitution.

It is also urged on the part of the appellants that the plaintiff failed to prove the salaries voted were excessive, and that the bad faith of the directors cannot be presumed. The suggestion is based upon an erroneous assumption as to the precise relation in which the defendants, as directors, stood to the corporation. They occupied a position of trust, and, when the fact appeared that they had voted themselves salaries by a resolution in which they all joined, then they were put in the position of trustees dealing with themselves, to their own advantage, with respect to their trust. In such case the presumption is that they acted in their own interest, to the prejudice of the corporation, and the burden was upon them to overcome such presumption. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. This they entirely failed to do. A minority stockholder in a corporation has nothing to say about the management of its business and affairs, because the directors are elected by the majority. Notwithstanding this fact, a minority stockholder has some rights which the directors are bound to respect, viz., that the property of the corporation shall not be stolen or misappropriated under the guise and pretense of salaries of officers, and whenever such attempt is made, and the act by which it is attempted to accomplish that result is reviewed by a court of equity, it will not hesitate to compel the directors to do what they ought to have done, by way of restitution.

The trial court here should have directed the return of all moneys withdrawn. It ought not to have permitted any of the defendants to retain an amount equivalent to the amount of salaries received before the passage of the resolution, because they had no legal right to such sums. The plaintiff, however, did not appeal. She does not complain of this allowance.

If the foregoing views be correct, then it follows the judgment appealed from should be affirmed, with costs. All concur.