TILTON v. GANS et al.

(Supreme Court, Appellate Division, First Department. March 14, 1913.)

1. PLEADING (§ 323*)—BILL OF PARTICULARS—MOTION—LACHES.

Mere laches, unaccompanied by injury or prejudice to the adverse party, is not sufficient ground for denying a motion for a bill of particulars.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 976–979; Dec. Dig. § 323.*]

2. PLEADING (§ 317*)—BILL OF PARTICULARS—RIGHT TO RELIEF.

Where plaintiff in a suit for an accounting is entitled to an accounting as a matter of right, a bill of particulars will not be required.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

3. PLEADING (§ 317*)—ACTION BY SHAREHOLDERS—COMPLAINT—BILL OF PARTICULARS.

Plaintiff, a stockholder, in a suit against officers and directors of a corporation for mismanagement and misappropriation of funds, not being entitled to an accounting as of right, but being required both to allege and prove facts showing negligence, or misconduct, or misappropriation of the corporate funds before the officers or directors can be called to account, and having had the benefit of a complete examination by accountants of the corporation's books and records, and also of an examination of its president and treasurer, defendants were entitled to a bill of particulars stating how and in what manner the corporation had not been properly conducted and of the dates and amounts of money claimed to have been misappropriated, together with the improper entries in the corporation's books.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962; Dec. Dig. § 317.*]

Appeal from Special Term, New York County.

Action by Samuel H. Tilton, on behalf of himself and all other stockholders of the Giveen Manufacturing Company, against Levi L. Gans and others. From an order denying defendants' motion for a bill of particulars, they appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Julius M. Lowenstein, of New York City, for appellants.

Charles Strauss, of New York City (Eugene D. Boyer, of New York City, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. This is a representative action by a stockholder of the Giveen Manufacturing Company, a domestic corporation, against the officers and directors of the corporation to require them to account for alleged mismanagement of the affairs of the corporation and misappropriation of its funds.

[1] It is contended on behalf of the plaintiff-respondent that the motion was properly denied on the ground of laches; but it is now well settled that mere laches, unaccompanied by injury or prejudice to the adverse party, is no ground for denying a motion for a bill of particulars. Convery v. Marrin, 128 App. Div. 265, 12 N. Y. Supp. 673.

[2] The learned counsel for the respondent further contends that this is an action in which the plaintiff is entitled to an accounting, and that in such cases the rule is that allegations with respect to particular misconduct are superfluous, and that a bill of particulars will not be required. That is unquestionably the rule where the plaintiff is entitled to an accounting as a matter of right (Child v. O'Rourke, 122 App. Div. 325, 106 N. Y. Supp. 884; Boskowitz v. Sulzbacher, 124 App. Div. 682, 109 N. Y. Supp. 186); but this is not such a case.

[3] The officers and directors of a corporation may not be called to account by a stockholder as a matter of right, but only for some specific act of negligence or misconduct in the management of the affairs of the corporation, or in the disbursement of its funds. See Davids v. Davids, 135 App. Div. 206, 120 N. Y. Supp. 350; Godley v. Crandall & Godley Co., 153 App. Div. 697, 139 N. Y. Supp. 236; People v. Equitable Life Assurance Society, 124 App. Div. 714, 109 N. Y. Supp. 453. It is therefore incumbent on the plaintiff in such an action to allege and prove facts showing negligence, or misconduct, or misappropriation of the corporate funds, before the officers or directors can be called upon to account.

In the case at bar, it appears that the plaintiff has had the benefit of a complete examination by accountants of the books and records of the corporation, and of an examination of its president and treasurer. He should therefore be in a position to know what he expects to prove upon the trial, and there is no impropriety in requiring him to limit the general allegations of his complaint by a bill of particulars. We are of opinion therefore that he should be required to state how and in what manner he claims the corporation has not been regularly and properly conducted, and give the dates and amounts of the sums claimed to have been wrongfully permitted by the defendants to be taken from the treasury of the corporation on account of alleged dividends which he claims were not due or payable; and the dates and amounts claimed to have been wrongfully taken from the treasury of the corporation and paid and disbursed to others and for other purposes; and to specify the entries and cross-entries in the books of the corporation which he claims to be incorrect and incomplete; and the dates and sums of money claimed to have been wrongfully charged against the corporation to the credit of persons to whom the corporation was not indebted, and the names of such persons; and the dates of the payment of salaries claimed to have been exorbitant and unauthorized, and the names of the officers to whom they were paid;

and the dates and amounts of money alleged to have been paid in discharge of loans of the corporation, which it is claimed were not made, and the names of the persons to whom it is claimed such payments were made; and the dates upon which it is claimed the defendants acquired moneys from the corporation which should be equally distributed among all the stockholders of the corporation, and the amounts thereof, and the names of officers or directors who it is claimed acquired such moneys.

The order should therefore be reversed, with $10 costs and disbursements, and the motion for a bill of particulars granted to the extent herein stated, with $10 costs. All concur.