ANNA C. SCHALL, Plaintiff, *v.* CHARLES F. ALTHAUS and Others, Defendants.

Supreme Court, Bronx Special Term, January, 1923.

Corporations — rights of minority stockholders — action to compel restitution of excessive salaries paid by majority stockholders to themselves for acting as officers — when bonuses must be repaid.

A minority stockholder has some rights which the directors are bound to respect.

The property of a corporation can neither be stolen nor misappropriated under the guise and pretense of salaries to officers, and when such an attempt is made a court of equity upon review of the acts by which such result is sought to be accomplished will compel the directors to do by way of restitution that which they ought to have done.

A father who had incorporated and successfully built up a business for the manufacture and sale of cigar boxes died in 1915, at which time nearly every member of his family who had reached working age was employed by the corporation and drawing a salary. Wishing his entire family to share in the business he left a will by which he bequeathed to his son one hundred and sixty shares of stock of the corporation, to his daughter one hundred shares and to his nephew forty shares. The salary list, fixed by resolution of the board of directors, kept pace with the increase of business without missing a step until 1920, the banner year for sales, and in addition bonuses were added to the salaries by the son and nephew, the owners of the majority of the stock and who controlled the company. In an action brought by the daughter, a stockholder, asking that restitution be made of money alleged to have been paid out by way of excessive salaries and bonuses, *held,* that all bonuses paid since January 1, 1921, were excessive and unwarranted and that plaintiff was entitled to judgment directing restitution of the amount of said bonuses, for distribution to the stockholders in the form of dividends.

The years 1918–1920 were abnormal years and unless the business has returned to the scale of 1920, the present salaries even without the bonuses are excessive and though restitution of salaries already paid will not be decreed, the board of directors may well consider a scaling down of the salaries in justice to the stockholders who are not now occupying salaried offices in the corporation.

ACTION by stockholder for restitution to corporation of excessive salaries.

*William H. Griffin* and *Charles E. Rudolph, Jr.,* for plaintiff.

*Adam Wiener* and *Louis Marshall,* for defendants.

MITCHELL, J.   This is an action by a stockholder of the Nicholas Althaus Company, a corporation, asking that restitution be made of various sums of money which it is claimed have been paid out in the form of excessive salaries and bonuses, and asking for an accounting and a receiver.   The business was that of manufacturing and selling cigar boxes, and was organized and built up by Nicholas Althaus.   From time to time he brought into it the members of his family until at the time of his death it was indeed a family corporation.   In 1915 the salary list was as follows:   Nicholas Althaus (founder of business), $6,000; Charles F. Althaus (son), $2,650; E. Herman Schall (son-in-law), $2,100; John Schott (nephew), $1,200; Nicholas C. Althaus (grandson), $1,040; Charles H. Althaus (grandson), $936; Rose Althaus (granddaughter), $416. Nicholas Althaus died in September, 1915, and by his will he left to his son, Charles F. Althaus, one hundred and sixty shares of stock; to his daughter, this plaintiff, one hundred shares, and to his nephew, John Schott, forty shares.   Nearly every member of his family who had reached working age was employed there and was drawing a salary, except his daughter, Mrs. Schall, the plaintiff in this action.   Her husband, however, had been connected with the business for many years and became vice-president of the company.   He wished his entire family to share in the successful business which he had built up.   Some one had to have control of the business, and he left that control through ownership of a majority of the stock to his son, Charles F. Althaus.   The business increased by leaps and bounds.   Sales of cigar boxes more than doubled.   It was proved that in the last six years the sales were as follows: 1916, $128,253.50; 1917, $177,752.94; 1918, $206,871.23; 1919, $237,123.26; 1920, $424,349.81; 1921, $220,497.20.   The general management of the business and affairs of the company was given by the by-laws to the president.   The salary list kept pace with the increased sales of cigar boxes without missing a step, until 1920, the banner year for sales, when the salary list was as follows:   Charles F. Althaus (plus bonus of $2,500), $12,800; E. Herman Schall (plus bonus of $1,000), $4,225; John Schott (plus bonus of $1,500), $4,715; Nicholas C. Althaus (plus bonus of $1,500), $3,840; Charles H. Althaus (plus bonus of $1,500), $3,525.   The managers of the business naturally claim credit for the enormous increase in business in 1918, 1919 and 1920.   No

Supreme Court, January, 1923.                    [Vol. 120

one comes forward to claim credit for the reduction in sales from $424,349.81 in 1920 to $220,497.20 in 1921. Of course the years 1918, 1919 and 1920 were abnormal years. The officers claim very properly that in those years the enormous business and the incidental difficulties of management entitled them to receive extra or additional compensation. This also must be conceded. As long as the stockholders approved, no one else could object. The salaries fixed by resolutions of the board of directors were generous at least for the services performed. With a full understanding of the situation the amounts were increased from year to year and still bonuses were added. The plaintiff complains that through the payment of large salaries, with bonuses added, the income of the business is being distributed to the disadvantage of her very substantial stock ownership. Charles F. Althaus and John Schott, the owners of the majority of the stock, control the company. But they misunderstand the meaning of that control. It means that they may control the policy, operation and management of the company and its business. After the payment of proper and adequate salaries to the officers, together with the general running expenses, the balance must be fairly and justly divided as dividends to the stockholders. The majority stockholders plainly mistake their authority. Both Charles F. Althaus and John Schott clearly exhibited, when on the witness stand, by their manner and their answers, their feeling toward the plaintiff and her rights in this corporation. It is a case for the interposition of a court of equity to protect plaintiff's rights as a stockholder in this corporation, and if her brother still refuses to do justice, to put a receiver in charge. To quote from the testimony of Charles F. Althaus: "Q. You, of course, know Mr. Schall? A. I did. Q. You did; you don't know him now? A. I ain't supposed to. Q. In what capacity did the company pay him (Mr. Schall) that salary? A. Well, $75 a week I gave him." Mr. Schall, the husband of the plaintiff, since raising the question of the amounts of salaries and bonuses, has not been re-elected either as an officer or director of the corporation. When on the witness stand Mr. Schott, one of the majority stockholders, frankly stated his idea of the rights of a stockholder, when he said that he thought ten per cent was enough for stockholders, regardless of the profits, no matter how large. A minority stockholder has some rights which the directors are bound to respect. The property of the company shall not be stolen or misappropriated under the guise and pretense of salaries of officers, and whenever such attempt is made and the acts by which it is attempted to accomplish that result are reviewed by a court of equity, it will not hesitate to com-

pel the directors to do what they ought to have done by way of restitution. *Davids* v. *Davids*, 135 App. Div. 206. The defendants claim to justify the salaries and bonuses by reason of the enormous business done. They can only be justified on the theory that they represent the reasonable value of the services performed. I have no hesitation in holding that all the bonuses paid since January 1, 1921, were excessive and unwarranted, and as to all such bonuses restitution must be decreed so that the amounts may be distributed to the stockholders in the form of dividends. The salaries which were being paid at the time of the trial were those fixed at the peak of business prosperity, based upon the greatest amount of business done in the history of the company, and although I do not feel that I should direct restitution of salaries already paid, the board of directors may well consider a scaling down of those salaries in justice to those stockholders who are not now occupying salaried offices in this family corporation unless the business has returned to the scale of 1920. If it has not done so the present salaries, even without the bonuses, are excessive. The court cannot determine exactly how much without proof of the business during at least two normal years. The account submitted on the trial seems to be a full and complete statement of the business to December 31, 1921, and I see no reason for directing an accounting at this time. The founder of the Nicholas Althaus Company devoted his life to this business. He left it as a heritage to his son and daughter. He had employed there for years before his death his son and his son's sons, his daughter's husband and his nephew, in the hope that he was providing for all. The greed for money threatens to disrupt it. The stock control in the son may make that possible. I shall not appoint a receiver; but the judgment may contain a provision for an application at the foot thereof, if it appear to be necessary. Judgment for plaintiff, with costs, directing restitution as above indicated. Submit proposed findings and judgment on notice.

Judgment accordingly.