ANNA C. SCHALL, Appellant, Respondent, v. CHARLES F. ALTHAUS and Others, Respondents, Appellants.

First Department, February 8, 1924.

Corporations — action by minority stockholder against controlling directors for accounting because of wrongful diversion of corporate moneys for increased salaries and bonuses — ratio of dividends to salaries of defendants was such as to raise issue whether earnings of corporation were not being unfairly appropriated to salaries — defendants failed to sustain burden of proof that salaries voted to themselves represented reasonable value of services — bonuses awarded by defendants to themselves for period for which salaries were fixed were illegal — bonuses and all sums received as salaries above reasonable amount must be returned — new trial ordered.

In an action by a minority stockholder of a corporation against the controlling directors for an accounting because of alleged wrongful diversion of moneys from the corporate treasury for excessive salaries and bonuses the issue raised was whether or not the earnings of the corporation were being unfairly appropriated to salaries rather than to dividends, where it appears that during the years in question, with the exception of one year, the corporation's business and surplus account steadily increased, but that the salaries of the defendants, whose duties and responsibilities were not substantially increased, by their own votes as directors were increased out of proportion to the dividends paid the stockholders; and that, although the defendants claimed that the salary increases were justified by the increased business, there was no decrease in salaries during a year in which the corporation operated at a net loss.

Where directors vote salaries to themselves the presumption is that the directors acted in their own interests to the prejudice of the corporation; and, therefore, the burden was upon them to prove the reasonable value of their services, and they having failed to sustain this burden there must be a new trial.

Bonuses awarded by the defendants to themselves and voted at the end of the year in which granted, the salaries of said defendants having been fixed for the respective years, were illegal and must be returned to the corporation, and in addition any amount received as salary above the reasonable value of the services rendered.

CROSS-APPEALS by the plaintiff, Anna C. Schall, and by the defendants, Charles F. Althaus and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 4th day of June, 1923, upon the decision of the court rendered after a trial at the Bronx Special Term.

The plaintiff appeals from said judgment in so far as it fails to provide for restitution by the defendants Althaus and Schott to Nic. Althaus Company of more than $8,200, payment by the defendants to the plaintiff's attorneys of more than $1,000, and accounting of expenses by the defendants; and the defendants appeal from said judgment in so far as it allows restitution of $8,200, and allowance of $1,000 to plaintiff's attorneys.

*Charles E. Rudolph, Jr.* [*William H. Griffin* of counsel], for the plaintiff.

*Louis Marshall* of counsel [*Adam Wiener* with him on the brief], for the defendants.

FINCH, J.:

The action was brought by plaintiff as a minority stockholder to obtain an accounting from the individual defendants as controlling directors of the defendant corporation, because of alleged wrongful diversion of moneys from the corporate treasury by way of excessive salaries, bonuses, etc.

There practically is no dispute as to the facts of the case. The corporation was organized by one Nicolaus Althaus, the father of the plaintiff and of the defendant Charles F. Althaus. Prior to his death Nicolaus Althaus took into the employ of the corporation all its present administrative employees, namely, his son, the defendant Charles F. Althaus, three children of the latter, as well as the plaintiff's husband, and a nephew. Nicolaus Althaus died in 1915, and by transfer prior to his death and by the provisions of his will, the stock of the corporation was divided and held as follows: Charles F. Althaus, 200 shares; John Schott (a nephew), 40 shares; Anna C. Schall (daughter, plaintiff), 100 shares; E. H. Schall (plaintiff's husband), 10 shares; a total of 350 shares of the par value of $100 each, aggregating $35,000. It thus appears that the corporation is a family corporation. Upon the death of his father, Charles F. Althaus became president, and managed and controlled the corporation.

In 1915 Nicolaus Althaus, as president, was receiving a salary of $6,000 a year; Charles F. Althaus, $2,650; Nicholas C. Althaus, Jr., $1,040; Charles H. Althaus, $936; Rose Althaus, $416; E. H. Schall, $2,100; John Schott, $1,200; a total of $14,342. In that year the sales amounted to $98,903. Salaries were increased from year to year, until in 1921 Charles F. Althaus, president, was receiving $13,000; Schott was receiving $5,200; Nicholas C. Althaus (son of Charles F.) was receiving $4,050; Charles H. Althaus (another son) was receiving $4,050; Marion Althaus

(a daughter) was receiving $1,566; and E. H. Schall (plaintiff's husband) was receiving $3,900; aggregating $31,766, besides which bonuses aggregating $8,000 were paid in the year 1921. The gross sales for 1921 amounted to $220,497, and the business was conducted at a net loss for that year. In 1920 the gross sales amounted to $424,349. During the years 1918 to 1921 cash bonuses to the administrative employees aggregated $19,800. The cash dividends declared and paid were seven and one-half per cent in 1916, seven and one-half per cent in 1917, four per cent in 1918, nothing in 1919, ten per cent in 1920, five per cent in 1921. A stock dividend was paid in 1919 which increased the total outstanding stock from $35,000 to $50,000. It appears that in the period from 1916 to 1921 the additional compensation over and above the rate they were receiving in 1916, voted to the defendant Althaus, two of his sons and the defendant Schott, aggregated over $67,000.

In the same period the financial returns to the plaintiff and the holder of two-sevenths of the capital stock of the defendant corporation were cash dividends to the amount of $4,045, the other stockholders, including the defendants, also receiving a proportionate amount of such dividends. These facts clearly present the issue whether the earnings of the corporation were not being unfairly appropriated to salaries rather than to dividends.

The language of Mr. Justice CLARKE, now presiding justice, in Carr v. Kimball (153 App. Div. 834; affd., 215 N. Y. 634), seems apposite: "The case presents an illustration of that form of industrial development where a business partnership is transformed into a small and close business corporation, and, so long as harmony exists among its members, is conducted practically as a copartnership; but when dissension and disagreement arise, the majority attempts to oust the minority, not only of control, but of a fair return upon the investment. Instead of treating all the stock alike and distributing the profits fairly and proportionately by way of dividends, the majority first elect themselves directors, then as directors elect themselves officers, and then distribute among themselves a substantial part of the profits in the way of excessive salaries, additional compensation and other devices."

The defendants claim that these large salary increases were justified by the increased business of the corporation. It does not appear, however, that there was any substantial increase in the duties or responsibilities of the defendants. The years 1919 and 1920 covered an extraordinary period of business inflation. In 1921 the gross sales of the defendant corporation decreased nearly one-half. Although the defendants relied on the increased business

as a justification for the increased salaries, no salaries were decreased in 1921.

It appears that the corporation's surplus account was increased as follows: At the end of 1916 it was $7,541.70; 1917, $16,058.88; 1918, $26,461.59; 1919, $39,018.43; 1920, $98,137.11; 1921, $63,012.82. However, as stated in *Jacobson* v. *Brooklyn Lumber Co.* (184 N. Y. 161): " Neither the good faith, honesty nor legality of the acts of officers of a corporation can be determined by ascertaining whether the market value of the capital stock of the corporation has increased or diminished during the time when said acts were performed."

It is clear that all the bonuses awarded by the defendants to themselves are illegal and recoverable. Said bonuses were voted at the end of each year in which granted. The salaries of said defendants, having been fixed for the respective periods, they could not by their own votes donate to themselves the property of the corporation in the guise of additional compensation, but to which they had no possible legal claim. There appearing no agreement, express or implied, for such compensation, it amounted to no more than a gift of the corporate property and was wholly without consideration and void. (*Carr* v. *Kimball, supra; Pacific Improvement Co.* v. *Chattanooga Southern R. Co.*, 189 Fed. Rep. 161; 14a C. J. 142.)

As to the salary increases, since the plaintiff is willing upon this appeal that the directors shall retain so much of the salary voted to themselves as represents the reasonable value of the service, it is only necessary to state that the presumption is that the directors under such circumstances acted in their own interest to the prejudice of the corporation, and that the burden is on them to overcome such presumption. (*Davids* v. *Davids*, 135 App. Div. 206.) In *Sage* v. *Culver* (147 N. Y. 241) the court said: " When it appears that the trustee or officer has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction, which he is required to explain."

The defendants, however, failed to sustain the burden of proving what amounts represent the reasonable value of the services rendered. They relied chiefly upon opinion evidence of third persons, based on the amount of business done. The defendants testified as to their duties, and unquestionably they gave all their time to the business. But there is no proof showing that they received increased compensation because of increased duties, and commensurate therewith.

The learned trial court, in a laudable effort to induce the defendants to correct any abuses, specifically found that the salaries paid in 1921 were excessive, but did not determine to what extent.

All bonuses paid to the defendants must be returned, and in addition any amount received as salary above a reasonable and fair amount for the services rendered.

It follows that the judgment should be reversed and a new trial granted, with costs to plaintiff to abide the event.

CLARKE, P. J., SMITH, MERRELL and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to plaintiff to abide the event. Settle order on notice.