IRVING GROSS, Individually and as a Minority Stockholder, on Behalf of EAST COAST LUMBER TERMINAL, INC., et al., Plaintiffs, v. VIRGIL M. PRICE, Individually, and as President, Director and Stockholder of EAST COAST LUMBER TERMINAL, INC., et al., Defendants.

Supreme Court, Nassau County, October 13, 1955.

*Arthur Miller* for plaintiffs.

*Bennett & Kaye* for Virgil M. Price and another, defendants.

FRANCIS G. HOOLEY, Official Referee. This is a motion made by the plaintiff to reargue the motion heretofore made by defendants Virgil M. Price and East Coast Lumber Terminal, Inc. for an order vacating or modifying the plaintiff's demand for a bill of particulars dated July 1, 1955.

By an order of this court dated the 15th day of September, 1955, the motion to reargue was granted, and upon such reargument the matter was referred to the undersigned Official Referee to hear and determine at this time the said defendants' motion to vacate or modify plaintiff's demand for a bill of particulars.

On the 8th day of August, 1955, an order was made by this court granting an application made by the defendants Virgil M. Price and East Coast Lumber Terminal, Inc. to vacate plaintiff's demand for a bill of particulars dated July 1, 1955, of affirmative defenses and counterclaims contained in the answer of said defendants. Defendants' notice of motion was dated July 8, 1955, and was returnable on July 27, 1955.

The grounds upon which a reargument and a redetermination are sought are that the original decision was based upon a misconception of both the law and the facts.

The opinion of Mr. Justice HOGAN, dated August 8, 1955, upon the argument of the original motion to vacate the plaintiff's demand for a bill of particulars read in part as follows: '' In view of the fact that the trial has actually commenced and no explanation has been offered by the plaintiff to justify a departure from the usual rule that a bill of particulars should be sought prior to trial, the defendants' motion is granted to vacate the demand in its entirety.''

It is true that the trial of this action on a prior set of pleadings actually did commence before the undersigned Official Referee on or about the 23d day of June, 1954. Prior thereto two out of the four causes of action set forth in the complaint had been dismissed. Those causes of action were for dissolution of the defendant corporations. The two surviving causes of action were for an accounting and for injunctive relief by minority stockholders against the officers and directors of the defendant corporations and against a faction of stockholders alleged to be a dominant faction.

The order which had previously been made dismissing two out of the four causes of action on the pleadings was not made by the Official Referee, but at Special Term. On appeal, the

Special Term decision was modified by the Appellate Division (284 App. Div. 964) granting leave to plaintiff to replead the aforesaid dismissed causes of action.

Thereafter, a new complaint was served which the plaintiff claims was amended in accordance with the explicit directions of the Appellate Division.

Again, by an order of this court made at Special Term, the repleaded causes of action were dismissed. From said last-mentioned order an appeal is now pending in the Appellate Division of the Supreme Court and no decision has been rendered upon such appeal.

A new answer was served which was very similar to the former answer. The plaintiff's reply to the new answer was served. The new pleadings have not heretofore come before the Official Referee for any action. The reason that the trial before the Official Referee has been adjourned from time to time was in order to await the outcome of the two appeals to the Appellate Division hereinbefore mentioned. The defendants have always contended that there can be no trial until issue has been joined and until the disposition of preliminary motions. With reference to serving a bill of particulars the defendants contend that the case is actually on trial and that it is too late for particulars.

No testimony of any witness has been taken in this case upon the merits of the matter before the court. The extent to which the trial has proceeded has been the reception of certain stipulations from the parties. While technically the case is on trial, the pleadings have not been settled as to their final form. In view of these facts, it would be a miscarriage of justice to deny the application of the plaintiff for the service of a bill of particulars solely upon the ground that it is too late for a bill of particulars because the case is actually on trial. The pleadings in this action have not yet become settled.

In Wait on New York Practice (4th ed., Vol. 3, art. IV, § 1, p. 569), the following statement appears: " There is no specified time within which a bill must be applied for after issue is joined and it is well settled that mere laches unaccompanied by injury or prejudice to the adverse party is no ground for denying a motion for a bill of particulars. Tilton *v.* Gans, 155 App. Div. 612, 140 Supp. 782, Convery *v.* Marrin, 128 App. Div. 265, 112 Supp. 673." There is no showing of any injury or prejudice to the defendants in now serving a bill of particulars rather than earlier.

The right to a bill of particulars on the part of the plaintiff will exist after the Appellate Division decides the pending appeal and the pleadings become settled and the issue is joined thereon. At that time if the order appealed from is affirmed the pleadings will have become definitely settled and the plaintiff may then make his application for a bill of particulars. If the order is reversed and new pleadings are served, the right to the bill of particulars will continue after issue is finally joined.

Until after the pleadings become definitely settled and issue is definitely joined, it would seem to be a useless effort to seek to obtain a bill of particulars not knowing in what form the pleadings will ultimately appear.

Carmody on New York Practice (Vol. 3, § 1108), reads in part as follows: " The general rule is that a motion for a bill of particulars is premature if made before issue is joined and before the pleadings are complete."

The pending motion to vacate plaintiff's demand for a bill of particulars is therefore granted without prejudice to an application for a bill of particulars to be made by the plaintiff after the pleadings have become definitely established and issue is joined thereon.